**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TOBY LEE RUTTER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 3:20-cv-00610-X** |
| **v.** | § | |
| | § | |
| **HOLIDAY INN CLUB VACATIONS,** *et al,* | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants Holiday Inn Club Vacations, Silverleaf Resorts, Inc., Orange Lake Resorts, and Orange Lake Country Club, Inc., (collectively, "Defendants") by and through the undersigned counsel, hereby files this Motion to Dismiss and Brief in Support pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's first amended complaint ("FAC") in its entirety, and will respectfully show the Court as follows:

## I. BACKGROUND

Plaintiff Toby Lee Rutter ("Plaintiff") is dissatisfied with his decision to purchase a timeshare. Plaintiff alleges that Defendants are the owners or managers of numerous timeshare resorts, and that employees or agents of Defendants induced Plaintiff to enter into contracts that he now regrets. Rather than address his disputes with Defendants as contemplated by his agreement, Plaintiff participated in a nationwide campaign of forum shopping trying to find a court that would ignore the plain language of his agreement. Having failed in his effort and being compelled to move forward in the proper venue contemplated by his agreement, it is now time to address the lack of merit to his claims. As discussed below, Plaintiff's 124-page FAC alleges

causes of action that are inapplicable, nonsensical, nonexistent, or otherwise fatally deficient. As such, the FAC fails to state a claim upon which relief may be granted and this Court should dismiss it in its entirety.

**A. PROCEDURAL HISTORY**

Plaintiff initially participated in an ill-fated, multi-plaintiff lawsuit in the Northern District of California predicated on the very same allegations contained in the FAC. After the Northern District of California dismissed the plaintiffs' complaint in that action due to its lack of personal jurisdiction over any of the Defendants, the plaintiffs teamed up with still other plaintiffs and filed a substantially similar complaint in the District of Vermont. *See* **Exhibit A**, *Glass et al. v. Holiday Inn Club Vacations*, 3:18-cv-06156-MMC, ECF No. 22 (California court's order dismissing the matter without prejudice); *Williams et al. v. Holiday Inn Club Vacations et al.*, 2:19-cv-00057-cr, ECF No. 1, 4 (Complaint and First Amended Complaint). On Defendants' motion to dismiss for improper venue or, in the alternative, to transfer claims or compel arbitration, the Court evaluated the contracts at issue and compelled arbitration or transferred the actions to various judicial districts as appropriate pursuant to the parties' agreements. *See* **Exhibit B**, *Williams et al. v. Holiday Inn Club Vacations et al.*, 2:19-cv-00057-cr, ECF No. 22. Plaintiff's claims set forth in the FAC have been transferred to this Court because Plaintiff's contract had an exclusive forum provision requiring Plaintiff to litigate any claims relating to his purchase of the timeshare in Dallas County, Texas. The contract also requires the application of Texas law.

Plaintiff asserts claims for (1) "Fraud, Contract Rescission," (2) Unauthorized Practice of Law, (3) Fraud in the Offer of Securities (Section 17(a) of the Securities Act); (4) Fraud in Connection with the Purchase and Sale of Securities (Section 10(b) of the Securities Act); (5) Breach of Contract; (6) California Time Share Act; and (7) Common Law Rescission and Statutory

Rescission. Although the 124-page FAC is no paragon of clarity, the general facts, as relevant to the Plaintiff at issue here, are laid out below.

### B. Plaintiff's Allegations

The FAC alleges that Texas resident Toby Lee Rutter purchased a timeshare in Galveston, Texas. *See* FAC, at p. 21, 24.[1] This was apparently an upgrade to a previous timeshare he owned. *Id*. at 22. He entered into a contract with non-party OLCC Texas, LLC on August 27, 2016. *See* **Exhibit C**.[2] Plaintiff alleges that his obligations on this timeshare amount to $80,000, although the total contract price was only $52,673. *See id*.; *see* FAC at 27. Plaintiff alleges that misrepresentations and omissions of Defendants' representatives induced him to enter into the contract to purchase or upgrade that he would not otherwise have entered into. *See generally* FAC.[3] As noted above, the other plaintiffs named in the FAC are not part of this case; their cases have been transferred to other districts or compelled to arbitration.

Because Plaintiff does not state a claim for the causes of action alleged, this Court should dismiss Plaintiff's FAC in its entirety.

## II. ARGUMENTS AND AUTHORITIES

### A. Legal Standard

All of Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is

---

[1] Despite the Federal Rules of Civil Procedure requiring numbered paragraphs, *see* Fed. R. Civ. P. 10(b), Plaintiff has drafted most of his complaint in narrative form. As such, references to Plaintiff's complaint are page number references unless otherwise noted.

[2] A court may consider documents integral to and explicitly relied upon in the complaint that the defendant appends to its motion to dismiss. *See, e.g.*, *Tow v. Amegy Bank N.A.*, 498 B.R. 757, 765 (S.D. Tex. 2013).

[3] Defendants deny any such misrepresentations or omissions and affirmatively assert that they have complied with relevant law.

entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal citations omitted). The tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Rule 8 also requires a plaintiff, when suing multiple defendants, to "set[] forth defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend" rather than lumping defendants together and failing to distinguish alleged wrongs among defendants. *McBride v. Fannie Mae*, 2016 WL 3019308, at *3 (E.D. Cal. May 26, 2016).

Additionally, under Federal Rule of Civil Procedure 9(b), allegations of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b). "Courts have applied Rule 9(b) to a wide-range of fraud claims, whether the allegations stem from fraudulent concealment, common law fraud, or a variation thereof." *See Ctr. for Individual Rights v. Chevaldina*, 2018 U.S. Dist. LEXIS 28723, at *19 (S.D. Fla. 2018); *see also Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 629 (4th Cir. 2008) (noting that where an allegation has "the substance of fraud" the plaintiff cannot escape 9(b)'s requirements by "adding a superficial label of negligence or strict liability."). If a claim sounds in fraud, it must be pled with particularity. *See, e.g.*, *Ingalls v. Edgewater Private Equity Fund III, L.P.*, 2005 U.S. Dist. LEXIS 45592, at *15 (S.D. Tex. Oct. 17, 2005) (breach of fiduciary duty claim sounds in fraud); *JPA, Inc. v. USF Processors Trading Corp.*, 2005 U.S. Dist. LEXIS 45658, at *10 (N.D. Tex. July 15, 2005) (negligent misrepresentation claim sounds in fraud when it relies on the same misrepresentations as those pled in connection with fraud claim).

In the Fifth Circuit, to meet the requirements of Rule 9(b), "the who, what, when, where, and how of the alleged fraud," and for cases (such as this one) involving omissions, the plaintiff must plead "the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (internal quotations and citations omitted). Failure to satisfy the 9(b) standard is grounds for dismissal. *Id*. "Rule 9(b) has four purposes: to ensure that the defendant has sufficient information to formulate a defense by having notice of the conduct complained of; to protect defendants against frivolous suits; to eliminate fraud actions in which all the facts are learned after discovery; and to protect defendants from undeserved harm to their goodwill and reputation." *See Okeke v. Auto. Fin. Corp.*, 2016 U.S. Dist. LEXIS 196918, at *23-24 (W.D. Tex. Feb. 3, 2016). Here, Plaintiff's FAC suffers from several overarching defects.

### B. PLAINTIFF'S FAC SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULES 8 AND 9(B).

Plaintiff's FAC fails to comply with Rules 8 and 9(b). ***First***, it lumps together numerous defendants without any effort to state which defendant is responsible for which conduct. The FAC states that the claims "aris[e] out of the sale of timeshare units to Plaintiffs by Defendants Holiday Inn, Silverleaf, and Orange Lake (which includes Orange Lake as the parent company of the other entities, collectively hereinafter referred to by its Flagship name: "Holiday Inn" or "Defendant"). *See* FAC, at p. 2. Thereafter, the FAC refers to "Defendant" or "Defendants" seemingly interchangeably and without clarification. Plaintiff does not even articulate which of the Defendants, if any, he purportedly entered into a contract with for which he is now seeking redress. Indeed, ***no named defendant is a signatory to the contract at issue***, and it is unclear what relationship the named-Defendants allegedly have to the claims asserted. As none of the

Defendants in this case are party to the Plaintiff's contract at issue with respect to his claims, each of his claims are improper and the FAC should be dismissed in its entirety.

***Second***, the FAC avers a course of allegedly fraudulent conduct, yet it is not pled with the requisite specificity. Indeed, because the FAC originally encompassed numerous additional plaintiffs and now encompasses only one plaintiff, it is impossible for Defendants to determine whether certain allegations are being made by the Plaintiff in this case or by different plaintiffs that are no longer in this case. For example, the first nine pages of the FAC contain general allegations about "Plaintiffs," yet it is impossible to determine which of these allegations apply to the Plaintiff in this case. More specifically, the claims themselves contain allegations that are not specific to Plaintiff. *See, e.g.*, FAC at p. 110, 1.3 ("…damages continue due to ongoing maintenance fees, mortgage payments, ***and/or*** other charges under the terms [of the contracts]"; 110, 1.6 ("Defendant discouraged ***some*** Plaintiffs from having an Attorney review the timeshare sales contracts…"); p. 112, 1.15 ("…these cases show a history of fraudulent representations by Defendant as to [certain topics] which are common to ***most of***, if not all of the Plaintiffs in this matter") (emphasis added). Likewise, the FAC alleges that certain representations were made by "Holiday Inn" representatives, but "Holiday Inn" is confusingly defined to include all defendants. *See* FAC, at p. 2. Defendants should not have to guess who is being accused of what and by whom. As such, this Court should dismiss the FAC in its entirety on this basis.[4]

[4] Although one of Plaintiff's claims is entitled "Breach of Contract," it is subtitled "General Performance and Contract Misrepresentation," and asks for breach of contract damages because "a Breach of Contract exists due to Contract Misrepresentation under Facts in other causes of action herein to support Fraud…." *See* FAC, at p. 118. Accordingly, even the breach of contract claim appears to be grounded in allegations of fraud.

**C. EVEN IF THIS COURT DECLINES TO DISMISS THE ENTIRE FAC ON THE BASIS OF RULE 9(B), IT SHOULD DISMISS EACH CLAIM AS FATALLY DEFECTIVE.**

Even if this Court declines to dismiss the entire FAC on the grounds laid out above, this Court should still dismiss the FAC on the basis that each claim asserted is fatally defective. Both Plaintiff's federal claims and state claims are lacking and should be dismissed.

1. Plaintiff's Federal Claims Should be Dismissed for Failure to State a Claim.

Plaintiff's federal securities claims should be dismissed for failure to state a claim, as there is no private right of action under §17(a) of the Securities Act of 1933, and Plaintiff's 10b-5 claim is fatally defective. Because these two claims fail, this Court should decline to exercise supplemental jurisdiction over the state law claims that remain.

***a. Plaintiff's Claims Pursuant to §17(a) of the Securities Act of 1933 Must be Dismissed as There is No Private Right of Action Under that Provision.***

As an initial matter, Plaintiff's claims under Section 17(a) of the Securities Act must be dismissed. There is no private right of action under Section 17(a), as courts in the Fifth Circuit have repeatedly confirmed. *See, e.g.*, *Park v. Kruse*, 2013 U.S. Dist. LEXIS 194842, at *5 (N.D. Tex. 2013) (dismissing cause of action for failure to state a claim because "no private right of action exists under Section 17(a)" and collecting authorities). Other authorities are in accord. *See generally* SECURITIES REGULATION (LJP) § 6.05 (Section 17(a) "is confined to the government enforcement context."). As such, Plaintiff's 17(a) claim should be dismissed.

***b. Plaintiff's Claim Pursuant to §10(b) of the Securities Act of 1934 Must be Dismissed as it Does Not Meet the Pleading Standards of the PSLRA.***

Likewise, Plaintiff's 10(b)/10b-5 claim must be dismissed. To state a claim under § 10(b) and Rule 10b-5, a plaintiff must allege: (1) a material misrepresentation or omission; (2) scienter—

a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation—"a causal connection between the material misrepresentation and the loss." *See Markman v. Whole Foods Mkt., Inc.*, 2016 U.S. Dist. LEXIS 188833, at *16 (W.D. Tex. Aug. 19, 2016) (citing *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015)).

Further, such a claim must satisfy (1) federal notice pleading requirements; (2) the special fraud pleading requirements, and (3) the additional pleading requirements imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See Kerruish v. Essex Holdings, Inc.*, 2017 U.S. Dist. LEXIS 127183, at *9 (S.D. Fla. 2017). Accordingly, in addition to the typical burdens imposed by the Federal Rules, the complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *See* 15 USCS § 78u-4. If the plaintiff does not meet this standard, the complaint must be dismissed. *Id.*

Here, a review of Plaintiff's 10(b) cause of action does not come close to this standard. It merely lays out the language of 10b-5, with a reference back to the entirety of the first 117 pages of the FAC. *See* FAC, at p. 117-118. All of the alternatives are listed — even those with no bearing upon the case; for example, there is nothing that would indicate that Defendants used "the facilities of a national securities exchange" in their purported timeshare sales, yet that appears in the allegations. There are no specifics regarding scienter, who said what to whom when, and it is unclear what is even alleged to be untrue. Additionally, since the original complaint included many additional plaintiffs — the vast majority of whom are no longer party to these proceedings — it is unclear which of the "general allegations" relate to Plaintiff, as outlined more fully above.

In other words, Plaintiff's claim would fail under the pleading requirements of Rule 8, let alone the two additional layers of specificity required under 9(b) and the PSLRA. This claim must be dismissed.

***c. If Plaintiff's Federal Claims are Dismissed, this Court Should Decline to Exercise Supplemental Jurisdiction.***

If Plaintiff's federal claims are dismissed, this Court should dismiss the FAC in its entirety. A court may decline to exercise supplemental jurisdiction over state law claims where (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 USC § 1367. Indeed, "the dismissal of state law claims is strongly encouraged where the federal claims are dismissed prior to trial." *See Jakubiec v. Sacred Heart Health Sys.*, 2005 U.S. Dist. LEXIS 12144, at *30 (N.D. Fla. 2005).

Here, this case is at bottom a typical state-law fraud in the inducement/breach of contract matter. The Court does not have original jurisdiction via 28 U.S.C. §1332, as the parties are not completely diverse.[5] Plaintiff is a resident of the state of Texas, as is Defendant Silverleaf, Inc. *See* FAC at p. 5. As such, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

2. Plaintiff's State Law Claims Should be Dismissed for Failure to State a Claim.

Likewise, even if this Court retains jurisdiction, this Court should dismiss the state law claims as well where they are inapplicable, nonexistent, or nonsensical.

[5] Further, as noted above, it is unclear how Plaintiff is calculating the $80,000 obligation based on a roughly $50,000 purchase price evidenced by the parties' agreement. ***See* Exhibit C.**

***a. Plaintiff's California Time Share Act (2004) Claim Should be Dismissed.***

Despite having no connection to California, Plaintiff unsuccessfully asserts a claim for alleged violation of the California Time Share Act. The California Vacation Ownership and Time-Share Act of 2004, Cal. Bus. Prof. Code 11210-11288, is a piece of California legislation that applies to time-shares "located in the state [of California] or that are offered for sale in the state [of California]." *See* Cal Bus. Prof. Code 11211.

Plaintiff alleges that the statute "provides relief to an owner where the Defendant has at least one Timeshare property in the State of California." *See* FAC, at 120, 6.7.[6] However, Plaintiff — who is a resident of Texas and owns a timeshare in Texas — has no apparent connection with California, and in any event agreed that the timeshare contracts would be governed by ***Texas*** law. There is no basis for adopting a California statute into Texas law as Plaintiff is trying to do in this case. Accordingly, this claim must be dismissed.

Even if the Act applied, however, the claim should still be dismissed where Plaintiff's complaint does not specify what provisions of this law Defendants are alleged to have violated. *See* FAC, at pp. 119-20. To the extent that this cause of action is simply a justification for the claims of rescission and punitive damages, those remedies are pled elsewhere and as such this claim is duplicative.

[6] As noted in the motion to dismiss filed in the original Northern District of California case — which was dismissed for lack of personal jurisdiction — Defendants do not own any resort properties in the state of California. Defendants are affiliated with an exchange network that allows its members to exchange timeshares at an Orange Lake property with a timeshare located at a location owned by another member of the exchange network. Specifically, Orange Lake is a member of RCI, which is affiliated with over 4,300 resorts in 110 countries. Although some of the resorts affiliated with RCI may be in California, Orange Lake does not own or operate any of those resorts. *See Glass et al. v. Holiday Inn et al.*, 3:18-cv-06156-MMC, ECF No. 17, at 3.

***b. Plaintiff's Unauthorized Practice of Law Claim Should be Dismissed.***

Likewise, Plaintiff's claim for "Unauthorized Practice of Law" should be dismissed. In Texas, subject to limited exceptions inapplicable here, there is no private cause of action for unauthorized practice of law. *See Yung-Kai Lu v. Ng*, 2017 U.S. Dist. LEXIS 206564, at *6 (N.D. Tex. 2017). Plaintiff does not invoke any exceptions to this general rule, nor do they allege specific facts to support this claim. In fact, the portion of the FAC devoted to Plaintiff's personal experience nowhere mentions ***anyone*** attempting to act as an attorney. *See* FAC, at 67-72. As such, this claim should be dismissed.

***c. Plaintiff's Remaining State Law Claims Should be Dismissed.***[7]

Plaintiff's remaining state law claims of Fraud, "Rescission per Statute," and Breach of Contract – Contract Misrepresentation should likewise be dismissed. Each of these claims appear to be grounded in the same allegedly fraudulent conduct outlined above. However, the purported "causes of action" are merely a litany of statements; they have no elements listed and no specific facts to support each of the elements necessary to allege a prima facie case. The statutory rescission claim mentions no statute. At times, the allegations are simply nonsensical: "In all cases the Defendant's Lawyer's [sic] (real or de-facto [sic]) did not tell the truth about talk terms they were interpreting. These F [sic] Contracts were committing Plaintiffs to the purchase of the timeshare [sic] involving hundreds of thousands of dollars in short term and Generational Debt." *See* FAC, at p. 111, 1.8. This FAC was not drafted by a pro se plaintiff subject to additional graces

[7] Plaintiff also asserts "claims" for punitive damages and common law rescission. However, rescission and punitive damages are remedies, not claims, so if this Court dismisses the other claims, it may dismiss these as well. *See Stanissis v. DynCorp Int'l LLC*, 2015 U.S. Dist. LEXIS 172412, at *37-38 (N.D. Tex. 2015) ("A cause of action for punitive damages cannot be brought as a stand-alone claim."); *Kreway v. Countrywide Bank, FSB*, 2015 U.S. Dist. LEXIS 181073, at *14 (W.D. Tex. July 21, 2015) (under Texas common law, "[r]escission is a remedy only, and not an independent cause of action.").

from the Court. As it is impossible for Defendants to discern what the Plaintiff in this case is alleging, how any particular contract was purportedly breached by any specific Defendant, or what specific representation was supposedly made by any particular agent for any specific Defendant, these claims should likewise be dismissed. *See generally United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming dismissal of lengthy, unintelligible complaint and stating that "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation …should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.").

## III. CONCLUSION

In light of the foregoing, Defendants respectfully request that this Court grant their Motion to Dismiss, dismiss all of Plaintiff's claims against Defendants as a matter of law, with prejudice. Defendant further requests that the Court grant all other and further relief in law or in equity to which they may be entitled.

Dated: May 11, 2020

Respectfully submitted,

*/s/ Peter S. Wahby*

Peter S. Wahby
State Bar No. 24011171
wahbyp@gtlaw.com
Alyssa O. Johnston
State Bar No. 24102312
*johnstona@gtlaw.com*

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (241) 665-3601

***Attorneys for Defendants***
***Holiday Inn Club Vacations, Silverleaf Resorts, Inc, Orange Lake Resorts and Orange Lake Country Club, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court CM/ECF system on this the 11th day of May 2020.

*/s/ Alyssa Johnston*
Alyssa Johnston