UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOBY LEE RUTTER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:20-CV-00610-X |
| HOLIDAY INN CLUB VACATIONS, | § | |
| SILVERLEAF RESORTS, INC., | § | |
| ORANGE LAKE RESORTS, and | § | |
| ORANGE LAKE COUNTY CLUB, | § | |
| INC., | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** plaintiff Toby Lee Rutter's case against defendants Holiday Inn Club Vacations, Silverleaf Resorts, Inc., Orange Lake Resorts, and Orange Lake County Club, Inc. (collectively, "defendants") for Rutter's failure to prosecute his case and Rutter and his lawyer's (Joshua Martin) failure to comply with the Court's orders [Doc. Nos. 30 & 35].

This case began in April 2019 in the United States District Court for the District of Vermont. In March 2020, the Vermont court transferred the case to this Court. On April 21, this Court ordered the parties to take several actions [Doc. No. 30]. First, the Court ordered plaintiff Toby Lee Rutter's counsel-of-record Joshua Martin to appoint local counsel, in accordance with Local Rule 83.10, by May 12, 2020. Second, the Court ordered all counsels-of-record not admitted to practice in

1

the Northern District of Texas to apply for admission pro hac vice, in accordance with Local Rule 83.9, by May 12, 2020. Third, the Court ordered all parties to meet by telephone and file a joint status report (including a proposed scheduling order) by May 26, 2020. Only the defendants complied with the Court's Order [Doc. No. 33]. In their separate status report, the defendants alerted the Court to Rutter's former co-plaintiffs' similar failures to prosecute their transferred cases or comply with federal courts' orders, as well as those federal courts' decisions to dismiss Rutter's former co-plaintiffs' similar cases under Rule 41(b). To give Rutter the benefit of the doubt, the Court ordered Rutter and Martin to show cause by June 5 for their failure to obey the Court's April 21 order [Doc. No. 35]. But Rutter and Martin have ignored the Court again.

In the Court's June 3 show-cause order, the Court explained that if Rutter and Martin failed to comply again, the Court would dismiss Rutter's case under Rule 41(b). Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

---

[1] FED. R. CIV. P. 41(b)

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

2

What is clear is that dismissal is appropriate under Rule 41(b) because Rutter has failed to prosecute his case and he and his attorney have disobeyed the Court's orders. The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice. The Court, in its discretion, notes that despite Rutter and his lawyer's failures, the record lacks the findings of purposeful delay or contumaciousness and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires. Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Rutter's case against the defendants for Rutter's failure to prosecute his case and Rutter and his lawyer's failure to comply with the Court's orders.

**IT IS SO ORDERED** this 24th day of June 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE